UNITED STATES BANKRUPTCY COURT
DISTRICT OF

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| EDITO VILLAROYA TUMAMAK | § | Case No. 10-51110 |
| AGNES TUMAMAK | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on           . The case was converted to one under Chapter 7 on           . The undersigned trustee was appointed on           .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of         $

      Funds were disbursed in the following amounts:

      Payments made under an interim disbursement
      Administrative expenses
      Bank service fees
      Other payments to creditors
      Non-estate funds paid to 3rd Parties
      Exemptions paid to the debtor
      Other payments to the debtor

      Leaving a balance on hand of[1]         $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/NORMAN NEWMAN_____
                                            Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 1
Exhibit A

| Case No: | 10-51110   EW   Judge: EUGENE R. WEDOFF | Trustee Name: | NORMAN NEWMAN |
|---|---|---|---|
| Case Name: | EDITO VILLAROYA TUMAMAK | Date Filed (f) or Converted (c): | 06/04/12 (c) |
| | AGNES TUMAMAK | 341(a) Meeting Date: | 07/06/12 |
| For Period Ending: | 09/26/13 | Claims Bar Date: | 04/25/13 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Real Property- Chicago, Illinois | 270,000.00 | 0.00 | | 0.00 | FA |
| 2. Real Property-Lancaster, CA | 22,912.00 | 0.00 | | 21,000.00 | FA |
| 3. Bank Account - Checking | 2,000.00 | 0.00 | | 0.00 | FA |
| 4. Household Goods | 3,000.00 | 0.00 | | 0.00 | FA |
| 5. Wearing Apparel | 1,000.00 | 0.00 | | 0.00 | FA |
| 6. Jewelry | 1,000.00 | 0.00 | | 0.00 | FA |
| 7. Automobile-95 Toyota Land Cruiser | 2,000.00 | 0.00 | | 0.00 | FA |
| 8. Automobile-05 Toyota Rav 4 | 5,000.00 | 0.00 | | 0.00 | FA |
| 9. Automobile-99 Nissan Maxima | 3,000.00 | 0.00 | | 0.00 | FA |
| 10. Automobile - 04 Toyota 4-Runner | 0.00 | 0.00 | | 0.00 | FA |
| TOTALS (Excluding Unknown Values) | $309,912.00 | $0.00 | | $21,000.00 | Gross Value of Remaining Assets $0.00 (Total Dollar Amount in Column 6) |

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Sold Debtor's real estate located in Lancaster, California.  Preparing Final Report.

Initial Projected Date of Final Report (TFR): 03/31/13     Current Projected Date of Final Report (TFR): 09/30/13

LFORM1     UST Form 101-7-TFR (5/1/2011) *(Page: 3)*                                                                                  Ver: 17.03

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1
Exhibit B

| Case No: | 10-51110 -EW | Trustee Name: | NORMAN NEWMAN |
|---|---|---|---|
| Case Name: | EDITO VILLAROYA TUMAMAK | Bank Name: | ASSOCIATED BANK |
| | AGNES TUMAMAK | Account Number / CD #: | *******4277 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******4926 | | |
| For Period Ending: | 09/26/13 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 01/18/13 | | Titan Escrow Corporation | Sale of Vacant Land | | 18,007.17 | | 18,007.17 |
| | | 1058 W. Avenue, M-14, Suite C | | | | | |
| | | Palmdale, CA 93551 | | | | | |
| | 2 | | Memo Amount: 21,000.00 | 1110-000 | | | |
| | | | Memo Amount: ( 13.48 ) | 4700-000 | | | |
| | | | Property Taxes | | | | |
| | | | Memo Amount: ( 2,100.00 ) | 3510-000 | | | |
| | | | Commissions | | | | |
| | | | Memo Amount: ( 455.10 ) | 2500-000 | | | |
| | | | Title Charges/Closing Costs | | | | |
| | | | Memo Amount: ( 382.25 ) | 2500-000 | | | |
| | | | Escrow Charges | | | | |
| | | | Memo Amount: ( 42.00 ) | 2500-000 | | | |
| | | | Hazard Report | | | | |
| 02/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 12.09 | 17,995.08 |
| 02/15/13 | 001001 | International Sureties, Ltd. | Bond #016026455 | 2300-000 | | 12.82 | 17,982.26 |
| 03/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 24.16 | 17,958.10 |
| 04/05/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 26.70 | 17,931.40 |
| 05/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 25.80 | 17,905.60 |
| 06/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 26.62 | 17,878.98 |
| 06/13/13 | 001002 | FGMK, LLC | Final Compensation | 3410-000 | | 1,205.00 | 16,673.98 |
| | | Norman Kellerman | | | | | |
| | | 2801 Lakeside Dr., 3rd Floor | | | | | |
| | | Bannockburn, IL 60015 | | | | | |
| 07/08/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 25.03 | 16,648.95 |
| * 08/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-003 | | 24.75 | 16,624.20 |
| * 09/17/13 | | Reverses Adjustment OUT on 08/07/13 | BANK SERVICE FEE | 2600-003 | | -24.75 | 16,648.95 |

Page Subtotals  18,007.17   1,358.22

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*

LFORM24

Ver: 17.03

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 2
Exhibit B

| Case No: | 10-51110 -EW | Trustee Name: | NORMAN NEWMAN |
|---|---|---|---|
| Case Name: | EDITO VILLAROYA TUMAMAK | Bank Name: | ASSOCIATED BANK |
|  | AGNES TUMAMAK | Account Number / CD #: | *******4277  Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******4926 |  |  |
| For Period Ending: | 09/26/13 | Blanket Bond (per case limit): | $ 5,000,000.00 |
|  |  | Separate Bond (if applicable): |  |

| 1 | 2 | 3 | 4 | Uniform Tran. Code | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction |  | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| Memo Allocation Receipts: | 21,000.00 | COLUMN TOTALS | 18,007.17 | 1,358.22 | 16,648.95 |
| Memo Allocation Disbursements: | 2,992.83 | Less: Bank Transfers/CD's | 0.00 | 0.00 |  |
|  |  | Subtotal | 18,007.17 | 1,358.22 |  |
| Memo Allocation Net: | 18,007.17 | Less: Payments to Debtors |  | 0.00 |  |
|  |  | Net | 18,007.17 | 1,358.22 |  |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  |  |  | NET | ACCOUNT |
| Total Allocation Receipts: | 21,000.00 | TOTAL - ALL ACCOUNTS | NET DEPOSITS | DISBURSEMENTS | BALANCE |
| Total Allocation Disbursements: | 2,992.83 | Checking Account (Non-Interest Earn - *******4277 | 18,007.17 | 1,358.22 | 16,648.95 |
|  |  |  | ---------------------- | ---------------------- | ---------------------- |
| Total Memo Allocation Net: | 18,007.17 |  | 18,007.17 | 1,358.22 | 16,648.95 |
|  |  |  | ============= | ============= | ============= |
|  |  |  | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals    0.00    0.00

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-51110
Case Name: EDITO VILLAROYA TUMAMAK
　　　　　　AGNES TUMAMAK
Trustee Name: NORMAN NEWMAN

　　　　　Balance on hand　　　　　　　　　　　　　　　　　　$

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: NORMAN NEWMAN | $ | $ | $ |
| Attorney for Trustee Fees: Much Shelist, P.C. | $ | $ | $ |
| Attorney for Trustee Expenses: Much Shelist, P.C. | $ | $ | $ |

　　　Total to be paid for chapter 7 administrative expenses　　　$_____
　　　Remaining Balance　　　　　　　　　　　　　　　　　　　　$_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $       must be paid in advance of any dividend to general (unsecured) creditors.

　　　Allowed priority claims are:

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $            have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Chase Bank USA NA | $ | $ | $ |
| 000002 | eCAST Settlement Corp. assignee to Chase | $ | $ | $ |
| 000003 | Department Stores National Bank/Visa | $ | $ | $ |
| 000004 | Northern Leasing Syste | $ | $ | $ |
| 000005 | PYOD LLC its successors and assigns as assignee of | $ | $ | $ |
| 000006 | Discover Bank | $ | $ | $ |
| 000007 | Capital One Bank (USA), N.A. | $ | $ | $ |
| 000008 | FIA CARD SERVICES, N.A. | $ | $ | $ |
| 000009 | FIA CARD SERVICES, N.A. | $ | $ | $ |

Total to be paid to timely general unsecured creditors                $_____

Remaining Balance                                                     $_____

  Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

  Tardily filed general (unsecured) claims are as follows:

NONE

  Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

  Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE